UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Valerie Moore,

        Petitioner

v.

William Reubart, et al.,

        Respondents

Case No. 2:25-cv-01223-CDS-NJK

**Order Granting Petitioner's Motion for Extension of Time and Motion for Appointment of Counsel**

[ECF Nos. 4, 5]

      On July 7, 2025, petitioner Valerie Moore filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and moved for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. I granted the motion for leave to proceed IFP, and, following an initial review of the petition, instructed Moore to show cause why her petition should not be dismissed with prejudice as time barred. ECF No. 3. In response, Moore has moved for the appointment of counsel and for an extension of time to respond to the order to show cause, explaining that she needs the assistance of counsel to help in responding to the order to show cause. ECF Nos. 4, 5.

      There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

      I provisionally appoint the Federal Public Defender to represent Moore. I find that the appointment of counsel is in the interests of justice given, among other things, Moore's twelve

consecutive life-without-the-possibility-of-parole sentences, her claim of actual innocence, her alleged psychological deficiencies[1], and the procedural status of this case, namely, Moore's lack of any state postconviction review to assess her counsel's effectiveness.

It is therefore ordered that the motion for extension of time and motion for appointment of counsel **[ECF Nos. 4, 5] are granted**.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Moore by filing a notice of appearance or (2) indicate the office's inability to represent Moore in these proceedings. If the Federal Public Defender is unable to represent Moore, the Court will appoint alternate counsel. Appointed counsel will represent Moore in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that Moore's deadline for responding to the order to show cause is vacated. A new deadline will be set after counsel has entered an appearance.

It is further kindly ordered that the Clerk of Court (1) file the petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, (3) electronically serve respondents' counsel a copy of the petition (ECF No. 1-1), (4) electronically provide respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) electronically provide the Federal Public Defender a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, and (6) send a copy of this order to Moore and the CJA Coordinator for this division.

It is further ordered that respondents' counsel enter a notice of appearance by August 19, 2025. No further response will be required until further order.

Dated: July 29, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] *See* ECF No. 1-1 at 6.