UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Valerie Moore,

Petitioner

v.

William Reubart,

Respondent

Case No. 2:25-cv-01223-CDS-NJK

**Order Granting Petitioner's Motion for Discovery**

[ECF No. 18]

This habeas matter comes before this court on counseled petitioner Valerie Moore's motion for discovery. ECF No. 18. Respondent opposed the motion, and Moore replied. ECF Nos. 24, 26. For the reasons discussed below, I grant the motion.

## I. Background

Moore's criminal charges arise from a fire at the Mizpah hotel, which resulted in the death of twelve people. On March 16, 2007, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Moore of one count of first-degree arson and twelve counts of first-degree murder. *State of Nevada v. Valerie Jean Moore*, CR06-2974. Moore was sentenced to 72 to 180 months for the first-degree arson conviction and twelve consecutive life-without-the-possibility-of-parole sentences for the first-degree murder convictions. Moore appealed, and on January 30, 2008, the Supreme Court of Nevada affirmed Moore's judgment of conviction. *Valerie Moore v. State of Nevada*, 49270. Remittitur issued on February 26, 2008.

On January 8, 2024, Moore filed a "Motion/Petition for Alternative Writ of Mandamus Pursuant to NRS 34.720-24, 34.185, 34.160-170-180." The state court denied the Motion/Petition, and Moore appealed. The Nevada Court of Appeals affirmed on December 24, 2024, finding that "[t]o the extent Moore sought postconviction habeas relief, the petition was procedurally barred." *Valerie Moore v. State of Nevada*, 88458-COA. Remittitur issued on January 14, 2025.

On July 7, 2025, petitioner Valerie Moore filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. After screening Moore's petition, I entered an order to show cause, instructing Moore to show cause why her petition should not be dismissed with prejudice as time barred. ECF No. 3. In response, Moore moved for the appointment of counsel and for an extension of time to respond to the order to show cause, explaining that she needed the assistance of counsel to help in responding to the order to show cause. ECF Nos. 4, 5. I granted Moore's requests and appointed the Federal Public Defender to represent her. ECF Nos. 6, 10.

In her motion for discovery, Moore, through counsel, explains that she has been investigating whether there is enough evidence of her actual innocence to overcome the untimeliness of her federal petition. ECF No. 18. Specifically, Moore explains that she hired Douglas Carpenter, a fire investigation expert, but Carpenter has questions about the ATF's findings that the fire originated in the second-floor hallway of the Mizpah. *Id.* Carpenter has requested the following information:

> 1. All documentation, data (including all electronic data files), and results of all applications of Fire Dynamic Simulator (FDS) in the analysis and investigation of the Mizpah fire incident by any and all individuals and organizations.
> 2. All photographs taken in the analysis and investigation of this fire incident by any and all individuals and organizations.
> 3. Any documentation notes or drawings taken as part of the fire investigation by any and all individuals and organizations including interview notes of eyewitnesses to the fire. This could also include any annotations made to fire scene photographs using software applications.
> 4. The missing Reports of Investigation of the ATF (Carpenter notes that "the available data and documents that were provided to me include ATF's Report of Investigation. These reports are numbered in sequential and ascending order. The numbering suggests that there are 24 Report of Investigation documents. My documents are missing reports 11, 12, 18, 19, 20, 21, 22, and 23. I would request copies of these Report of Investigation documents, as well").

*Id.* at 3–4.

## II. Governing law

Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent

that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'").

## III. Analysis

Moore argues that she is entitled to discovery because she has good cause for her requests given that the discovery requested could help establish her actual innocence, allowing her to overcome any procedural bars. ECF No. 18 at 8–10. Respondent argues that (1) Moore fails to show that she is seeking any new evidence which would satisfy the actual innocence standard, and (2) her request is too general. ECF No. 24.

Although the respondent argues that Moore fails to state good cause for obtaining the items requested, he does not deny that the materials exist, that Moore was legally entitled to them, or that they would have been accessible to trial counsel. Further, although none of the items sought would constitute new evidence under the actual innocence standard, the items will be utilized by Carpenter to create new evidence: a report. As such, I find that Moore has established good cause under Rule 6(a) for the discovery sought.

## IV. Conclusion

It is therefore ordered that the motion for discovery **[ECF No. 18] is granted**. Moore may pursue discovery of

> 1. All documentation, data (including all electronic data files), and results of all applications of Fire Dynamic Simulator (FDS) in the analysis and investigation of the Mizpah fire incident by any and all individuals and organizations.
> 2. All photographs taken in the analysis and investigation of this fire incident by any and all individuals and organizations.
> 3. Any documentation notes or drawings taken as part of the fire investigation by any and all individuals and organizations including interview notes of eyewitnesses to the fire. This could also include any annotations made to fire scene photographs using software applications.
> 4. The missing Reports of Investigation of the ATF (Carpenter notes that "the available data and documents that were provided to me include ATF's Report of Investigation. These reports are numbered in sequential and ascending order. The numbering suggests that there are 24 Report of Investigation documents. My documents are missing reports 11, 12, 18, 19, 20, 21, 22, and 23. I would request copies of these Report of Investigation documents, as well").

It is further ordered that Moore file a status report on either the completion of discovery or by September 28, 2026, whichever comes sooner.

Dated: August 11, 2026

Cristina D. Silva
United States District Judge